## SOLOMON v. BROWN SHOE CO., Inc.
### No. 11019.

Court of Civil Appeals of Texas. Dallas.
May 23, 1932.

Fred T. Porter, of Terrell, for plaintiff in error.

Brin & Cate, of Terrell, for defendant in error.

JONES, C. J.

On November 18, 1930, in a suit in the county court of Kaufman county, defendant in error, Brown Shoe Company, Inc., was awarded a judgment in the sum of $242.22, with legal interest from January 1, 1930, against appellant, Mrs. Sarah Solomon, a feme sole, doing business under the trade-name of the Solomon Store. A writ of error has been perfected to this court.

The suit was on a verified open account, and plaintiff in error interposed no defense, either through the offer of evidence at the time of the trial or by the filing of an affidavit disputing the correctness of the verified account. On December 17, 1930, an execution was duly issued and placed in the hands of a proper officer to collect the judgment. This execution was not served, for on January 6, 1931, plaintiff in error filed a proper bond and caused a writ of supersedeas to issue and be served on defendant in error. A petition for writ of error was filed and duly served. The petition for writ of error does not contain any assignments of error, and no assignments of error have been presented in any form to this court; plaintiff in error has filed no brief.

 The record does not disclose fundamental error, and it is the duty of this court to affirm the judgment.

Defendant in error has suggested that the facts, as above stated, establish that the writ of error was sued out for delay only, and prays this court to award 10 per cent. damages under the provisions of article 1860, R. C. S. 1925.

This court has always required a clear case of appeal for delay only, before it has applied this statute and assessed the damages authorized. The facts of the instant case are such that we are of the opinion that the damages must be assessed in obedience to such statute, and it is so ordered. Affirmed, with 10 per cent. of the amount of the judgment assessed as damages for delay.

Affirmed.